SOUTHERN SURETY CO. *v.* CURTIS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SCOPE OF EMPLOYMENT—HOUSEHOLD DUTIES.

   An injury to the eye of an office girl by a tack, which flew out as she was removing a wreath from the outside of the window of her home one morning as she was leaving for the office, did not arise out of her employment, although she carried her employer's money home at night and back to the office in the morning, since household duties were not within the operation of the business.

2. SAME—EVIDENCE SHOWS AGREEMENT INDUCED BY FRAUD.

   In a suit by an insurer to set aside a settlement with an injured employee under the workmen's compensation act on the ground of fraud, evidence *held*, to show fraud in which both the employer and injured employee participated.

3. INSURANCE—PRINCIPAL AND AGENT—PRINCIPAL NOT CHARGEABLE WITH AGENT'S KNOWLEDGE OF MATTERS OUTSIDE THE SCOPE OF HIS AGENCY.

   In a suit by an insurer to set aside a settlement with an injured employee under the workmen's compensation act on the ground of fraud, the insurer was not chargeable with the knowledge of its local agent as to the actual facts of the accident, where compensation and agreements relating thereto were beyond the scope of his agency.

4. MASTER AND SERVANT—DEPARTMENT WITHOUT AUTHORITY TO SET ASIDE FRAUDULENT AGREEMENT—SUIT IN EQUITY PROPER REMEDY.

   The department of labor and industry is without authority to set aside an agreement for compensation to an injured employee induced by fraud; a suit in equity being the proper remedy.

Appeal from Mecosta; Brown (William B.), J., presiding. Submitted April 7, 1927. (Docket No. 47.) Decided October 26, 1927.

[1]Workmen's Compensation Acts, C. J. § 63; [2]Id., C. J. § 106 (Anno); [3]Agency, 2 C. J. § 544; [4]Workmen's Compensation Acts, C. J. § 106 (Anno).

Bill by the Southern Surety Company against Mary Ruth Curtis and M. E. Curtis to set aside a settlement under the workmen's compensation act on the ground of fraud.   From a decree dismissing the bill, plaintiff appeals.   Reversed, and decree entered for plaintiff.

*Dunham & Cholette,* for plaintiff.

*Arthur J. Butler,* for defendant Mary Ruth Curtis.

*Penny & Worcester,* for defendant M. E. Curtis.

CLARK, J.   The office and factory of defendant M. E. Curtis, who was manufacturing and selling ice cream, was located at 714 North State street, Big Rapids.   This address is found in the policy.   He accepted the provisions of the workmen's compensation act as to operations incident to all of such business, the plaintiff, Southern Surety Company, carrying the risk.   Mr. Curtis' home was at 805, same street.   His daughter, Mary Ruth Curtis, was employed in the office of the factory.   She lived at the home with her parents.   She carried the money of the business home at night and to the office in the morning.   As she was leaving the home for the office one morning she stepped aside and out of the way to remove from the window of the home a wreath, which had hung there since the previous Christmas, and, in removal, a tack struck her eye, causing the injury.   The accident did not arise out of her employment in the ice cream business. Household duties of the home were not operations of the business and were not in the risk carried by the plaintiff.   *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich. 462.   This seems clear, so clear, in fact, that it seems to have been recognized and known by the employer and his daughter.   The reports and other writings in the case for compensation, on which plaintiff relied without knowledge of the true facts in

entering into the agreement for compensation, show both fraudulent statement and fraudulent concealment. A misstatement is found, the employer's report of accident sent to the plaintiff:

"Hour of accident:   9 a. m.
"Hour injured began work that day:   8:30 a. m."

This was not true and was calculated to lead plaintiff to believe that the accident happened at the factory or plant after the employee had begun work there. The cause and manner of the accident was also stated to be:

"Was removing fixture, tack hit her in left eye." The place of the accident is given as "N. State street," without stating the street number. These statements were calculated to deceive, to conceal the fact that the accident did not arise out of the employment. Galster, general agent of plaintiff, who made the compensation agreement, relied on the writings and did not know of the fraud. This is established. The evidence shows a settlement or compensation agreement procured by fraud, and that both defendants participated in it.

Barton, plaintiff's local agent at the time of the accident, was dead at the time of the trial. The employer, Curtis, testified of matters equally within the knowledge of deceased, and that he told him the actual facts. Whether this testimony was admissible because of the statute (section 12553, 3 Comp. Laws 1915), and whether the protection of the statute was waived, need not be considered, for it appears that compensation to an employee under the act and agreements relating thereto were beyond the scope of his agency, and that plaintiff is not to be charged with what Barton might have known. *Haapa* v. *Insurance Co.,* 150 Mich. 467 (16 L. R. A. [N. S.] 1165, 121 Am. St. Rep. 627) ; 32 C. J. p. 1069; *Gambino* v. *Insurance Co.,* 232 Mich. 561, 234 Mich. 651. The fact

remains that plaintiff was misled by the writings on which it relied and on which it had a right to rely.

Plaintiff's mistaken attempt to be relieved of the agreement by seeking a rehearing under the compensation act is not important. The commission was without authority in that regard. *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592; *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174. The remedy is a bill in equity. *Smith* v. *Electric Co.*, 217 Mich. 519.

No other question requires discussion.

Reversed, with costs to plaintiff. Plaintiff will have decree.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.