INGLE v. ARMOUR & CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—JUDGMENT
ON AGREEMENT—VACATION OF JUDGMENT.

Judgment taken by employee in circuit court on employer's
agreement to pay compensation during disability was properly
vacated, where it appeared that he had executed final settle-
ment receipt, been denied further compensation without ap-
pealing therefrom, and that no deduction was made for money
paid him for work and labor during 15 months that he worked
subsequent to discontinuance of compensation payments
(2 Comp. Laws 1929, § 8452).

Appeal from Wayne; Lamb (Fred S.), J., pre-
siding. Submitted June 14, 1933. (Docket No. 80,
Calendar No. 36,865.) Decided October 2, 1933.
Rehearing denied December 6, 1933.

William A. Ingle presented to the circuit court
certified copies of proceedings under workmen's
compensation act against Armour & Company, em-
ployer, and Western Casualty Company, insurer.
Judgment for plaintiff. From order vacating judg-
ment, plaintiff appeals. Affirmed.

*George D. O'Brien,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

WIEST, J. October 28, 1927, plaintiff, while in the
employ of defendant Armour & Company, received
a compensable injury, and, by agreement, he was to
be paid $18 per week during total disability. He
was paid $579, and, June 9, 1928, resumed his em-
ployment and was paid his previous wage of $30

per week until September 21, 1929, when he voluntarily quit. June 27, 1928, plaintiff executed a final settlement receipt which was filed with the department but no approval thereof sought or had at that time. In November, 1931, plaintiff filed with the department of labor and industry a petition for further compensation, and, upon hearing before a deputy commissioner, it was, on January 4, 1932, determined and adjudged that he was not entitled to further compensation. No appeal was taken.

In February, 1932, plaintiff procured from the secretary of the department copies of the record, inclusive of the holding: "There is no compensation due to the plaintiff on the date hereof."

March 12, 1932, plaintiff took judgment in the circuit court on the agreement for compensation, for the sum of $3,381, making no deduction for the sum paid him for work and labor from June 9, 1928, to September 1, 1929. Upon learning of the judgment defendants moved to set it aside, and, on July 1, 1932, the court set the judgment aside. Plaintiff reviews by appeal.

The facts as stated commanded vacation of the judgment. See *Oliver Iron Mining Co. v. Pneff*, 262 Mich. 116.

Affirmed, with costs to defendants.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.