27063. UNITED STATES FIDELITY. & GUARANTY COMPANY *et al. v.* NEAL.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*T. Reuben Burnside,* contra.

STEPHENS, P. J. Levin P. Neal filed an action for compensation under the workmen's compensation act. It appeared from the evidence, that Malcolm & Neal was a partnership composed of G. H. Malcolm and Levin P. Neal; that the firm was engaged in the construction of a bridge over a State highway; that the United States Fidelity & Guaranty Company issued and delivered to such firm a policy of compensation insurance covering the firm's employees; that the Federal government required that in order to carry out its contract in the construction of a bridge the firm must have a superintendent and a foreman; that, apart from the partnership agreement, the partners made an agreement whereby the partnership firm hired Malcolm as its superintendent, paying him $30 per week, and hired Neal as its foreman at a weekly wage of $30; that both Malcolm's and Neal's names were upon the pay-roll sheet of the firm as employees thereof; and that Neal received such weekly wage separate and apart from any share in the net profits of the partnership venture. During the time Neal was so working on such job as a foreman he received an injury which resulted in a hernia. The director found that Neal, at the time he was injured, was "a foreman employee of Malcolm & Neal at a weekly wage of $30, under special agreement and independently of his relationship in the partnership of Malcolm & Neal, and was at the time of his accident performing services which were not incumbent upon him to perform in his capacity as a member of the partnership of Malcolm & Neal, but a separate and independent undertaking." The entire board approved this finding on December 20, 1937. On December 22, 1937, the board issued an order annulling its finding of December 20, 1937, for the reason that it had "apparently overlooked some of the points in this case," and reassigned the case to be heard on December 28, 1937. On the latter date the board decided that it did not have jurisdiction to annul the award of December 20, 1937, and reaffirmed the finding of the director as

originally affirmed by the board. The insurance carrier and the employer appealed to the superior court, where the award of the board was affirmed. The carrier and the employer excepted.

■ There is no provision of law for the Industrial Board to vacate any award made by it, except that the board may hear an appeal from an award made by a director, or, as provided under section 45 of the act, it may review on a change in condition an award formerly made. An award of a director to which there has been no petition for review by the board, filed within the time prescribed by the act, or an award of the board not excepted to within thirty days therefrom, becomes final and conclusive as to the merits thereof. Therefore the Industrial Board had no authority to pass their order of December 22, 1937, vacating the award made by them on December 20, 1937, affirming the award of the single director, and they did not err in passing the order of January 17, 1938, vacating the order of December 22, 1937, by which they vacated the award of December 20, 1937, on the ground that they had "apparently overlooked some of the points in this case," and reassigning the case to be heard. See Code, §§ 114-708, 114-709, 114-710.

■■ Under the finding of the commissioner, which was supported by the evidence, the claimant, at the time of his injury, was working as an employee of the partnership rather than as a member thereof, and performing duties not incumbent upon him as a partner, and receiving wages therefor which were not a part of his share of the partnership profits, and as such came within the definition of employees compensable under the workmen's compensation act. Code, § 114-101. This ruling does not conflict with *Chandler* v. *Harris*, 47 *Ga. App.* 535 (171 S. E. 174). In that case this court held that a member of a partnership receiving wages as a manager of a business was not entitled to compensation "where it does not appear that the services performed are not required of him as a member of the partnership and that the compensation received is not due him as a member of the partnership." In the opinion this court said that "for a member of a partnership in the performance of any services for the partnership to be considered as a servant of the partnership, the services must be such as it is not incumbent upon him to perform in his capacity as a member of the partnership." In holding that the claimant in the *Chandler*

case was not an employee of the partnership, the court further stated that he was not to be considered an employee, "it not appearing that the services of the partner were such as were not required of him as a member of the partnership, or that the money paid him was not due to him as a member of the partnership." Under this view of the case it becomes unnecessary to pass upon any of the other assignments of error. It follows that the judge did not err in affirming the award of the Department of Industrial Relations.

*Judgment affirmed. Sutton and Felton, JJ., concur.*