Argued April 11, affirmed May 31, petition for rehearing
denied July 12, 1961

# HOLMES *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

362 P. 2d 371
363 P. 2d 563

*Clifford B. Olsen*, Portland, argued the cause for appellant. On the brief were Anderson, Franklin, Jones & Olson, Portland.

*Thomas C. Enright*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Mark V. Weatherford*, Albany, argued the cause for intervening defendant, Conrad E. Gates. With him on the brief was W. H. Waterbury, Yachats.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Leona Holmes, from a judgment which the circuit court entered after it had sustained a motion, made by the defendant at the close of the plaintiff's evidence, for the entry of judgment of involuntary nonsuit. The defendant is the State Industrial Accident Commission. The plaintiff, at the time of her alleged injury on February 8, 1957, was a waitress in a restaurant known as the Gateway Cafe of which Conrad E. Gates was the owner. Gates became an intervener. Although the cause made its way to the courts through the complaint which the plaintiff filed, that pleading was in reality the institution of an appeal from the action taken upon the plaintiff's claim by the defendant, Industrial Accident Commission; see ORS 656.288(2). The action taken by the commission and challenged

by this appeal is recorded in its order dated June 23, 1958, which reads:

"That the claim of Leona Holmes, for personal injury sustained February 8, 1957, was accepted by the Commission by Order dated April 18, 1957, and compensation for temporary total disability paid said claimant covering the period February 8, 1957 to September 19, 1957, and the claimant granted awards for permanent partial disability in the amount of 40% loss of function of an arm and 20% loss of function of an arm, and furnished medical, hospital and related costs.

"Having made a determination that the employer, Gateway Cafe, was a non-hazardous occupation on February 8, 1957, the date on which said accident occurred, and said employer having failed to elect to come under the Workmen's Compensation Act prior to the date of injury which was sustained on February 8, 1957; under its continuous jurisdiction,

"THE COMMISSION HEREBY ORDERS that said claim be rejected for the reason that the injured workman was in the employ of an employer not subject to the provisions of the Workmen's Compensation Act at the time she sustained her February 8, 1957 accidental injury."

March 27, 1957, the plaintiff filed with the defendant an application for compensation. April 18, 1957, the defendant entered an order which stated:

"The Commission finds that the claimant having suffered temporary total disability from 2-8 to 4-8-7 herewith approves payment until further order."

October 17, 1957, the defendant entered an order which found that plaintiff "has been restored as nearly as possible to a condition of self-support and maintenance" and that she is entitled to an award of $2,376

payable at the rate of $110 per month. December 17, 1957, the defendant entered another order which was based upon a compromise whereby the amount granted in the order of October 17, 1957, was increased. June 23, 1958, the defendant entered the order which precipitated this appeal. We have noted that it terminated all payments "for the reason that the injured workman was in the employ of an employer not subject to the provisions of the Workmen's Compensation Act at the time she sustained her February 8, 1957, accidental injury."

The record does not disclose that the entry of any of the orders was preceded by a formal hearing. So far as we know, all were entered in the course of informal procedure, that is, without the testimony of witnesses and independent of the presence of the commissioners. None of them ruled, at least not by express words, that Gates was subject to the Workmen's Compensation Act or that his restaurant was a hazardous place of employment.

No one claims that Gates, owner of the restaurant in which the plaintiff says she sustained an injury, had elected under ORS 656.034 to contribute to the Industrial Accident Fund. The restaurant possessed a small electrically operated slicer which was used for the slicing of food items such as bread or meat; and, based largely upon that item of equipment, the plaintiff contends that operation of the restaurant was hazardous within the meaning of ORS 656.022. Until the enactment of Oregon Laws 1959, chapter 448, section 10, ORS 656.084 did not include restaurants in its category of hazardous occupations. We believe that prior to the enactment of the 1959 amendatory statute our Workmen's Compensation Act did not deem the operation of restaurants as hazardous. *Hoff-*

*man v. Broadway Hazelwood,* 139 Or 519, 10 P2d 349, 11 P2d 814, and *Plaza Grill v. Webster,* 182 Okla 533, 78 P2d 818.

Our Workmen's Compensation Act, as enacted in 1913, contained no provision, at least none in express words, which conferred upon the defendant continuing jurisdiction over claims upon which it had taken action, and no power to make from time to time modifications or changes in its previous orders, rulings and findings. Oregon Laws 1917, chapter 288, section 13(e) amended the 1913 act by inserting in it this provision:

"The power and jurisdiction of the Commission shall be continuing and it may from time to time make such modifications or changes with respect to former findings or orders with respect thereto, as in its opinion may be jusified."

Oregon Laws 1925, chapter 133, section 5(c) made the pertinent part of the act read as follows:

"* * * However, the power and jurisdiction of the Commission shall be continuing, and it may, upon its own motion only, from time to time make such modifications or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had."

The provisions of our Workmen's Compensation Act, upon the subjects of the 1917 and 1925 amendments, as now phrased in ORS 656.278, reads:

"The power and jurisdiction of the Commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified."

The evidence reveals that after the defendant had

paid the plaintiff $4,689.90 in accordance with the order of December 17, 1957, it requested its legal department to recover from Gates, the plaintiff's employer, the amount that he should have paid into the Industrial Accident Fund, assuming that he was subject to the Workmen's Compensation Act. The legal department shortly advised the defendant that Gates was not engaged in a hazardous occupation and was not subject to the act. At that juncture the defendant entered its order of June 23, 1958, which ruled, as we have seen, that the plaintiff was not a workman of an employer who was under the act and that therefore payments to her should cease.

By reverting to ORS 656.278, as previously quoted, it will be noticed that it empowers the defendant to "change or terminate its former findings, orders or awards if in its opinion such action is justified." The defendant contends that the action which it took June 23, 1958, was justified because the plaintiff was not a workman of an employer who was subject to the act. It will be recalled that Gates had not elected to come within the act and that he was not engaged in a hazardous occupation. The plaintiff argues that ORS 656.278 does not empower the commission to vacate an order which held that a given employer was subject to the act. According to her, it goes no further than to authorize the commission to change the rate of compensation. She views ORS 656.278 as granting a judicial power similar to that possessed by a divorce judge who may modify orders for support money but can not vacate a decree of divorce. However, the provisions of our laws which are applicable to the modification of a decree of divorce are materially different from ORS 656.278. ORS 107.130(1) reads:

"The court, or judge thereof, has the power to

set aside, alter or modify at any time after a decree is given, upon the motion of either party, so much of the decree as may provide for the appointment of trustees, for the care and custody of minor children, for the nurture or education thereof, or both, or for the maintenance of either party to the suit; and such decree is a final judgment as to any instalment or payment of money provided for therein which has accrued up to the time either party makes such a motion."

It will be noticed that ORS 107.130(1) does not authorize the court to vacate "at any time after a decree is given" the part which severed the bonds of matrimony, whereas ORS 656.278 does not limit the jurisdiction of the defendant to any specific part of the action which it had previously taken.

The plaintiff, in support of her contention of res judicata, depends upon the holdings in *Blackburn v. Olson*, 69 Idaho 428, 207 P2d 1160; *Hughson v. City of Kalamazoo*, 271 Mich 36, 260 NW 111; *Massachusetts Bonding and Insurance Co. v. Industrial Accident Commission*, 176 Cal 488, 168 P 1050; *U.S. F. & G. Co. v. Neal*, 58 Ga App 755, 199 SE 846; *Hoffmeister v. State Industrial Accident Commission*, 176 Or 216, 156 P2d 834.

In *Blackburn v. Olson*, supra, the claimant-appellant (Blackburn) was hired by a landowner to operate a bulldozer in the clearing of land so as to render it suitable for agriculture purposes. While so employed he sustained an injury and, pursuant to his employer's suggestion, filed a claim with the defendant, Idaho Compensation Company. Still later he and his employer met with a representative of the Idaho Compensation Company and thereupon "a memorandum of agreement and summary was entered into and an employer's supplemental report was made out." The

papers were properly filed and were approved by the Industrial Accident Board. Further according to the decision, "Under such agreement, the claimant was paid compensation for temporary total disability from * * *." Still later the employer and his surety sought the vacation of compensation on the ground that the claimant was employed in an agricultural pursuit and that the employer had not elected to submit himself to the compensation act. Agricultural pursuits were not within the Idaho compensation act unless the employer elected to embrace the act. However, a section of the act provided:

> "An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 72-607, unless within 30 days after a copy has been sent to the parties, either party appeals to the Supreme Court."

The decision held: "The compensation agreement approved by the board had the same effect as an award of the board." After citing supporting decisions the court continued:

> "It has been consistently held by this court that under the provisions of Section 72-608, I.C., an award in the absence of fraud, becomes final and conclusive if no appeal is taken * * *."

It will be noticed that in that case compensation was awarded upon the basis of an agreement, signed by the parties, which had received the approval of the Industrial Accident Board. Since no fraud was claimed the court deemed itself powerless to release the compensation company from the agreement.

In *Hughson v. City of Kalamazoo*, supra, the plaintiff, upon receiving public aid from the defendant municipality, was required to work and while so employed was injured. At that point an agreement for

compensation under the Workmen's Compensation Law was entered into by the plaintiff and the defendant. The agreement was approved by the Department of Labor and Industry. Later the defendant made an application to terminate compensation payments on the ground that the plaintiff, as the recipient of relief, was not an employee, but the court held that the approval by the department of the compensation agreement was tantamount to a finding that plaintiff was an employee within the meaning of the compensation act. In so holding the court declared:

"Approval of an agreement for compensation and the award made thereon is ordinarily conclusive of the employee's right to compensation. Lumbermen's Mutual Casualty Co. v. Bissell, 220 Mich. 352, 190 N.W. 283, 28 A.L.R. 874. The department is without authority to grant a rehearing to one who was fraudulently induced to make a compensation agreement (Southern Surety Co. v. Curtis, 240 Mich. 566, 215 N.W. 701), and the same rule should apply when the agreement for compensation was entered into by mistake. Such agreement, the order of approval by the department, and the award based thereon may possibly be impeached in a court of equity upon the ground of fraud. Smith v. Port Huron Gas & Electric Co., 217 Mich. 519, 187 N.W. 292; Ingle v. Armour & Co., 264 Mich. 569, 250 N.W. 312. But this is not an equitable proceeding. The findings of fact of the Department of Labor and Industry are, in the absence of fraud, conclusive. Comp. Laws 1929, § 8451. Though the proceedings before the Department of Labor and Industry are not strictly judicial (Reck v. Whittlesberger, 181 Mich. 463, 148 N.W. 247, Ann. Cas. 1916C, 771; Kirchner v. Mich. Sugar Co., 206 Mich. 459, 173 N.W. 193), they may be attacked only in the manner provided by law. Weekly payments awarded by the department may be reviewed, but it may not set aside its orders

except in accordance with the statute (Comp. Laws 1929, § 8453) ; and not then unless the compensation awarded is paid up to within 15 days before the proceedings to stop compensation, or to modify the outstanding order of the department, are commenced, and then only when the physical condition of the injured employee is in issue. Beckwith's Estate v. Spooner, 183 Mich. 323, 149 N.W. 971, Ann. Cas. 1916E, 886."

It will be observed that the method whereby compensation could be terminated after it had been awarded by a commission-approved contract was so different from that under ORS 656.278 that nothing can be gained from any further consideration of the Hughson decision.

In *Massachusetts Bonding and Insurance Company v. Industrial Accident Commission*, supra, a workman by the name of Kelley sustained an injury and applied to the defendant commission for compensation. He listed as his employers C. M. Manley and Jesse Marks. An award was made April 28, 1915, on the basis of temporary disability. January 15, 1917, he applied for a permanent disability rating on the ground that his injury had developed into a permanent one. Adequate notice of the application was given to the insurer, including a statement that unless good cause to the contrary was shown the application would be granted. The insurer, Massachusetts Bonding and Insurance Company, objected to the proposed increase solely on the ground that at the time of injury Kelley was not employed by Manley who was the only individual that the insurer had insured. The increase was granted. Later the plaintiff (Massachusetts Bonding and Insurance Company) instituted the proceeding under review by writ of review. Under it the court

could not set aside the award for insufficiency of evidence. The decision held:

> "* * * The original findings and award declared that Kelley was in the employment of both Manley and Marks at the time of his injury. This finding and award was not attacked by any proceeding in review, as provided in the act, and it had become final long before the new proceeding was begun. It was conclusive * * *."

The application was denied. It is apparent that nothing in that holding can serve as a guide in the case at bar.

In *United States Fidelity & Guarantee Co. v. Neal,* supra, a firm composed of G. H. Malcom and Levin P. Neal was engaged in the construction of a bridge. The plaintiff (United States Fidelity & Guarantee Co.) had issued to the firm a policy of compensation insurance covering the firm's employees. It then developed that the federal government required the firm to have a superintendent and a foreman. To meet that demand the firm appointed Neal as its foreman at a weekly wage of $30. Later Neal sustained an injury, and the proceeding under review was instituted by him to secure compensation. The statement of facts recites:

> "* * * The single director found that Neal, at the time he was injured, was 'a foreman employee of Malcom and Neal at a weekly wage of $30 under special agreement and independent of his relationship in the partnership of Malcom and Neal, and was, at the time of his accident, performing services which were not incumbent upon him to perform in his capacity as a member of the partnership * * *.' The entire board approved this finding on December 20, 1937. * * *"

The court, in affirming, ruled:

> "An award of a single director to which there has been no petition for review by the full board

filed within the time prescribed by the act, or an award of the full board not excepted to within thirty days therefrom becomes final and conclusive as to the merits thereof."

That situation is materially different from the one now before us.

The part of *Hoffmeister v. State Industrial Accident Commission,* supra, which is germane to the issues before us reads:

"\* \* \* There are no questions of fact involved. A general demurrer was sustained to the further and separate answers of the State Industrial Accident Commission \* \* \*.

\* \* \*

"The demurrer presents the legal questions as to whether the commission was authorized to modify or diminish the award of permanent total disability when there had admittedly been no change in the physical condition of the claimant. \* \* \*

\* \* \*

"\* \* \* Since it is admitted that there has been no change in the physical condition of the claimant subsequent to such award, its findings are final and conclusive: 71 C.J. 1438, Workmen's Compensation Acts, § 1399 (3). Obviously, in view of the nature of the injury, there could be no change in plaintiff's physical condition so far as his fingers are concerned. They are gone forever. The commission, by its award of June 27, 1933, impliedly found that the injury to plaintiff's fingers completely deprived him of the use of his hands. Whether such finding was proper in the light of the record is immaterial in this proceeding. It remained only for the commission to award to plaintiff unconditionally the specific monthly allowance provided by statute. When the injury, such as in the instant case, comes within a certain fixed schedule of compensation, the commission, as an

administrative body, has no discretion to exercise about awarding the compensation due the injured workman and can attach no conditions thereto."

Since the compensation which the commission awarded was the amount which the act entitled the plaintiff to receive, the decision held that the commission was not at liberty to reduce that amount.

We found nothing in the five decisions just reviewed which indicates that the defendant commission had lost jurisdiction over the award merely because it had made it. Nor do those decisions declare that having made the award the defendant was powerless to vacate it when it fully appeared that the award was erroneous. It will be recalled that the defendant commission made the award of April 18, 1957, within 22 days of the time that the plaintiff filed her claim. Very likely the purpose of ORS 656.278 which grants to the defendant "continuing" jurisdiction and which authorizes it to "modify, change or terminate its former findings, orders or awards" is to enable the commission to provide promptly for an injured workman under an assurance that it may modify, change or terminate the award if it discovers that the award was based upon error.

Some state courts hold that res judicata does not apply to administrative decisions. See Davis, Administrative Law Treatise, section 18.02 at page 553. We have noticed that ORS 656.278 grants to the commission continuing jurisdiction over claims. Where jurisdiction is continuing the doctrine of res judicata generally does not apply. Davis, Administrative Law Treatise, section 18.09, page 605, and Larson, Workmen's Compensation Law, (1960), section 81.53. In section 18.09 Davis states:

"* * * The considerations affecting reopening

to take account of new developments or of new evidence of old developments often differ from those affecting the correction of mistakes or shifts in judgment about law or policy. Usually the search for a basic principle to guide reopening is futile; the results usually must reflect the needs that are unique to each administrative task. Factors to be weighed are the advantages of repose, the desire for stability, the importance of administrative freedom to reformulate policy, the extent of party reliance upon the first decision, the degree of care or haste in making the earlier decision, the general equities of each problem."

In section 18.12, at page 626, Davis stated:

"* * * Reasons for relaxing the doctrine include changing law, changing policy, changing facts, strong public interest in avoiding perpetuation of error or undesirable policy in some concrete contexts, need for equal treatment of parties whose circumstances are the same, and other subtle or complex factors in various combinations.

"The party asserting collateral estoppel has the burden of showing that issues are identical and that they were determined on the merits in the first proceeding. * * *"

We believe that the purposes of the Workmen's Compensation Act will be better achieved by enabling the commission to act promptly even where its information may be incomplete—assured, however, that it can correct a possible mistaken award through later action. In our belief ORS 656.278 is intended to prevent the normal operation of the doctrine of res judicata. That does not mean that when the commission has entered an order it can capriciously terminate it. ORS 656.278 itself says that the modification, change or termination can only be made if the commission believes that "such action is justified." In

other words, the commission, if challenged, must support its modification, change or termination with reason. In the present case the plaintiff's employer had not subjected himself to the Workmen's Compensation Act, was not a contributor to the fund and was not engaged in a hazardous occupation. Accordingly, the plaintiff was not entitled to compensation, and thus the defendant supported its order of June 23, 1957, with sound reason.

Reverting to the five decisions above reviewed, it will be remembered that in the Hoffmeister case the commission gave no justification for its termination of the workman's award which was in the exact amount that the statute fixed. In two of the other cases the awards were made upon agreements and the parties who challenged the awards were not in a position to impeach the agreements.

It follows from the foregoing that the judgment of the circuit court must be affirmed.

## ON REHEARING

On Appellant's Petition for a Rehearing
Clifford B. Olson, Portland, for the petition.

ROSSMAN, J.

The plaintiff-appellant has filed a petition for a rehearing in which she complains, in part, because our opinion did not mention *Bandy v. Norris, Beggs and Simpson*, 222 Or 1, 342 P2d 839, 351 P2d 445, which her brief had cited. The plaintiff contends that the *Bandy* case requires a holding that the order entered by the defendant commissioner April 18, 1957, and which ordered the payment to the plaintiff of workmen's compensation was an adjudication under the doctrine of res judicata to the effect that the plaintiff's employer, Conrad E. Gates, was engaged in a hazardous occupation at the time of her injury. In writing our opinion we thought that the facts and the issues of the *Bandy* case were sufficiently unlike those of the one awaiting decision that a review of it was not called for.

In the case now before us the defendant (Industrial Accident Commission) after paying the plaintiff $4,-689.90 under a belief that her employer (Conrad E. Gates) was subject to the Workmen's Compensation

Act vacated and annulled the order of compensation when it discovered that Gates was not engaged in a hazardous employment and had not voluntarily embraced the act. From the action of the commission in so doing the plaintiff appealed to the circuit court, and from the action of that body appealed to this court. Our previous decision accepted as the fulcrum of the case ORS 656.278 which confers upon the defendant commission continuing jurisdiction over its "orders or awards" together with power to "modify, change or terminate" them.

The Bandy case which the plaintiff cites was not under the Workmen's Compensation Act; it was an action based upon the Oregon Employers' Liability Law. The plaintiff had been injured while employed as elevator operator in the Central Building in Portland. In her action at law she named as defendant a firm entitled Norris, Beggs and Simpson and averred that it was her employer. That firm managed the Central Building as the agents of the estate of Rose White, deceased, owner of the structure. The action at law which resulted in a verdict for the plaintiff was preceded by a claim, filed by her with the Industrial Accident Commission in which she named as her employer the estate of Rose White, deceased. The estate was a contributor to the Industrial Accident Fund and was subject to the Workmen's Compensation Act. The claim was allowed and paid before the plaintiff instituted her action against Norris, Beggs and Simpson. The order which allowed the claim and directed payment thereof was never questioned or vacated.

Before going on we take note of a distinction which we deem germane between the case at bar and the Bandy case. In the case at bar the plaintiff selected as the subject matter of her plea of res judicata the

order of April 18, 1957, which the defendant commission had, however, vacated. She challenged the order which vacated it through the appeal which brought this case to this court. In the Bandy case the order which the defendant commission had entered and which ruled that the plaintiff (Mrs. Bandy) was the employee of the estate of Rose White, deceased, was still in full force and effect when she instituted her action at law which named as her employer Norris, Beggs and Simpson. In fact, that order has never been questioned or vacated.

In the Bandy case the defendants, Norris, Beggs and Simpson, filed an answer which averred that the estate of Rose White, deceased, and not the answering defendants, was the plaintiff's employer at the time of her injury. It further alleged that both Mrs. Bandy and the estate of Rose White, deceased were subject to the Workmen's Compensation Act. In addition it set up that Mrs. Bandy had filed a claim for compensation with the Industrial Accident Commission and that the commission had paid her the amount of her claim. Upon Mrs. Bandy's (claimant's) motion the answer just summarized was stricken.

The decision of the Bandy case brought forth four opinions. One was the majority opinion and another was a specially concurring opinion written by Mr. Justice LUSK. Both held that the answer just mentioned should not have been stricken. The other two opinions were not concerned with the issues now before us, although one of them was a dissenting opinion.

We mention once more that in the case at bar the order which granted compensation and upon which the plaintiff depends was vacated and that from the order which expunged it from the commission's files the plaintiff prosecuted the appeal which is now pending

before us. We have pointed out that the order was vacated when the defendant commission discovered that the plaintiff's employer was not engaged in a hazardous occupation, that he had not elected to submit himself to the Workmen's Compensation Act and was not a contributor to the Industrial Accident Fund.

■ Our previous opinion took note that the appeal from the Industrial Accident Commission to the circuit court was authorized by ORS 656.288(2). A ruling by an administrative quasi-judicial body which is subjected by statute to review in the circuit court can not be preserved from review through invoking in its favor some strange or novel phase of the doctrine of res judicata. Yet the plaintiff seems to believe that the order which the defendant commission made April 18, 1957, somehow took its place in an area which is off limits for the courts and that the order must not be judicially molested. She is, of course, wrong. We think that in lieu of considering the doctrine of res judicata we must give attention to ORS 656.278 from which we previously quoted in part and which we will presently set forth in full.

In the Bandy case the order of compensation, as we have pointed out, was never vacated. In fact, no one ever sought its vacation. The money was paid to Mrs. Bandy and she kept it. The majority opinion in the Bandy case said, "We assume that it will not be necessary to cite authority to the effect that the Commission not only has the power, but the duty, to determine in the first instance, the right to compensation." The commission performed that duty and in so doing entered an order which declared that Mrs. Bandy was the employee of the estate of Rose White, deceased. The order, as we have said, was never vacated.

We will now take note of the parts of the Bandy opinion which the plaintiff cites.

■ The majority opinion in the Bandy case, after citing an annotation in 122 ALR 550, stated:

> "We think the decisions there noted are to the effect that once the finding as to the employer and employee relationship is made by the tribunal intrusted with that duty, the decision is final and conclusive until set aside."

We pause on the words "final and conclusive until set aside." It will be recalled that our opinion in the case now at bar quoted the part of ORS 656.278 which states:

> "The power and jurisdiction of the Commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified."

The purpose of the section of our laws just quoted is to enable the commission to act with expedition in cases which call for prompt help with the knowledge that if subsequent investigation discloses that its earlier action was ill advised it may change its course.

We are aware of nothing stated in our previously announced opinion in the case at bar which is at variance with the sentence that we just quoted from the prevailing opinion in the Bandy case.

The plaintiff, in citing the Bandy case, depends principally upon the specially concurring opinion which Mr. Justice LUSK wrote in that case. His opinion held that the controlling issue was whether "the plaintiff is precluded from maintaining this action for damages under the Employer's Liability Law by the fact that she applied for and received an award of compensation

for the identical personal injury under the Workmen's Compensation Law." Justice Lusk's opinion took note of the fact that the plaintiff did not claim that she was within any of the exceptions set forth in the act that enabled an injured employee to sue someone other than his employer. ORS 656.312 and 656.154. It added:

"* * * Her position from the beginning was, and still is, that she can avoid the provision of ORS 656.152(2) against double recovery by giving back the money she received from the Commission. * * *"

The specially concurring opinion then continued:

"* * * But that section provides that: *'The right* to receive such sums is in lieu of all claims,' * * *."

Thus, that case presented the situation that the plaintiff had sought and had received an award of compensation. As long as the order of award remained unexpunged the plaintiff was entitled to keep the money and the commission could not accept its return.

The part of Justice Lusk's opinion that the plaintiff especially relies upon reads as follows:

"A decision of the State Industrial Accident Commission awarding compensation to a workman for disability carries with it, of necessity, findings of the commission that the workman sustained personal injury while employed by an employer subject to the Act, and that such disability was the result of injury by accident arising out of and in the course of such employment. Unless these conditions are present, the Commission is without jurisdiction to make an award. * * *

     *              *              *

"* * * While it is not *res judicata* in the technical sense, for the defendant was not a party to the

proceeding before the Commission, it does, as I view it, have the force of a judgment for the purposes of the present case. It establishes the fact that plaintiff was the employee of an employer under the Workmen's Compensation Law, who was awarded compensation for an injury. * * *"

The reasoning just quoted is not at variance with anything which we have said in this case. In the Bandy case, when Justice Lusk spoke, the commission's order was in full effect. It had not been vacated or expunged by the commission or any court. Accordingly, as the quoted words say, "It establishes the fact that plaintiff was the employee of an employer under the Workmen's Compensation Law, who was awarded compensation for all injury." But in the case now before us the order of the commission which at one time recognized the aforementioned Conrad E. Gates as subject to the Workmen's Compensation Act was expunged from the defendant's file when it was discovered that its recital was in error.

The Bandy case and the one now at bar are unlike. In both cases the commission had the right, conferred upon it by ORS 656.278, to vacate the order of compensation which it had previously entered. In the case at bar the commission exercised that power and vacated its order. The facts which prompted its action surely can not be deemed lacking in merit.

In the case at bar which obviously is not controlled by the doctrine of res judicata but by ORS 656.278, the commission's order which had recognized the plaintiff's employer as subject to the Workmen's Compensation Act had been vacated before this appeal was filed. ORS 656.278 plainly authorized the defendant commission to take the very course which it had pursued.

We do not believe that defendant's orders entered under ORS 656.278 (1) constitute res judicata. Nor do we believe that our previous decision contains any error.

The petition for a rehearing is denied.