Argued August 22, affirmed September 28, 1972

POWELL ᴇᴛ ᴀʟ, *Appellants, v.* WILSON ᴇᴛ ᴀʟ
(No. 74185), *Respondents.*
501 P2d 338

*Bernard Jolles,* Portland, argued the cause for appellants. With him on the briefs were Franklin, Bennett, Des Brisay & Jolles, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Stephen R. Frank,* Portland, argued the cause for respondent The Travelers Insurance Company. With him on the brief were Arden E. Shenker and Tooze, Kerr & Peterson, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Plaintiffs appeal from judgments in the lower court in favor of defendant members of the Workmen's Compensation Board who had moved to dismiss the complaint on the ground that it was sham and frivolous, and in favor of the remaining defendants upon their motion to dismiss after their demurrers had been sustained on the grounds that the complaint failed to state a cause of suit or action and the court did not have jurisdiction.

Plaintiff's amended complaint alleges that each of the named plaintiffs is an injured workman who has received an award under Oregon's Workmen's Compensation Law, ORS 656.001 et seq. It also alleges that they are members of a class of workmen whose

awards were for permanent partial disability for scheduled injuries, including an award for loss of earning capacity, all after March 12, 1970 and before May 26, 1971. The proceeding seeks a declaration that the decision of the Oregon Supreme Court in *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971), is not retroactive. It also seeks an injunction and an order requiring defendant Board to rescind its Bulletin No. 73, reasonable attorney fees and "* * * such other relief as is just under the circumstances." The amended complaint alleges that the plaintiffs represent other members of the class which had been recipients of the awards mentioned above and "* * * should be permitted to proceed pursuant to ORS 13.170."[1] The parties have briefed and argued the question whether the court could entertain this suit or action as a class proceeding. In view of our following holding that a cause of suit or action is not stated it is unnecessary for us to decide whether the class proceeding employed and relief sought could come within the jurisdiction of the court.[2]

---

[1] ORS 13.170.

"* * * When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impractical to bring them all before the court, one or more may sue or defend for the benefit of the whole."

[2] It may be that a declaratory judgment proceeding, if it sounds in equity which plaintiffs' amended complaint seems to do, in proper circumstances, is a proper proceeding in which to seek class relief. *Cf.* Amer. Timber/Bernard v. First Nat'l, 95 Adv Sh 831, — Or —, — P2d — (1972). We find it unnecessary to determine whether the proper circumstance is or could be presented in the case at bar, because we determine there is no cause of suit in any event.

The question of whether this is a proper class suit could not be decided without considering that the unnamed persons in the alleged class in the case at bar have an alternative procedure

■ The complaint fails to state a cause of suit or action. We treat the defendant Board's motion to strike the entire complaint as a demurrer for purposes of this decision. In *Amer. Timber/Bernard v. First Nat'l*, 263 Or 1, 500 P2d 1204 (1972), a motion to dismiss a part of a complaint which pleaded a class action was treated as a demurrer. We find no reason in the instant case why the same should not be done here.

■ The sequence of events alleged in the amended complaint which brought about this proceeding was that on March 12, 1970 the Oregon Court of Appeals decided *Trent v. Compensation Department*, 2 Or App 76, 466 P2d 622 (1970) (an opinion written by the writer of this opinion), holding that a workman suffering a compensable scheduled injury could have considered, as an element in setting the award, his loss of earning capacity. On May 26, 1971 the Oregon Supreme Court decided *Surratt v. Gunderson Bros.*, supra, holding that an award for loss of earning capacity could not be made in scheduled injury cases. On June 17, 1971 the Workmen's Compensation Board pursuant to *Surratt* promulgated Bulletin No. 73, the effect of which was to reduce disability awards of plaintiffs made between the dates of the *Trent* and *Surratt* decisions which included compensation based upon loss

---

apparently open to them, namely, the administrative and appellate procedure prescribed by the Workmen's Compensation Law.

"* * * [Some courts] are concerned that absent class members will be denied their choice of remedies when several forms of relief are possible and the class action is allowed for a particular one. Thus a court may deny the class action on the ground that the class does not necessarily have a common interest in the relief sought. [The author, in ensuing remarks, expresses dissatisfaction with the holding in such cases.]" Kirkpatrick, *Consumer Class Litigation*, 50 Or L Rev 21, 29 (1970).

of earnings in scheduled disability cases. Plaintiffs contend that *Surratt* is not retroactive and it can have no effect on awards made prior thereto. A copy of Bulletin No. 73 was made a part of the original complaint. Pertinent parts of that bulletin are:

> "The Supreme Court [in *Surratt*] has thus said the interpretation of the law by the Court of Appeals in Trent was erroneous. Also, that the determinations and orders made in keeping with the Board's Administrative Order following Trent awarding permanent partial disability for loss of earning capacity in cases of scheduled disability were not in conformity with the law.

> "The Workmen's Compensation Board has been requested, and will upon request, issue amended determinations and orders conforming to the decision of the Supreme Court where awards for permanent partial disability were based on loss of earning capacity in cases of SCHEDULED DISABILITY.

> "Payments for permanent partial disability affected by the amended order or determination MADE OR ACCRUED at the date of the amended order or determination are not recoverable. Future payments need not be made."

The policy announced by the defendant Board in this bulletin acts to correct those awards made on the erroneous basis of *Trent*. Our interpretation of the effect of *Surratt* is that the law in Oregon has always been that for scheduled injuries, only the loss of physical function is to be considered in determining the amount of compensation. *See Jones v. Compensation Department*, 250 Or 177, 441 P2d 242 (1968); *Kajundzich v. State Ind. Acc. Com.*, 164 Or 510, 102 P2d 924 (1940).

■ The plaintiffs contend that under ORS 656.278 (1) the Board has authority to alter an award *only*

when there is a change for the better in the claimant's physical condition. In support of this argument plaintiffs cite *Hoffmeister v. State I. A. Com.*, 176 Or 216, 223, 156 P2d 834 (1945), where the court said:

> "We are not unmindful of § 102-1771 (subsection ·d), O.C.L.A. [ORS 656.278(1)], which provides:
>
>> " 'The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified. \* \* \*'
>
> The continuing jurisdiction thus conferred upon the commission does not, however, authorize it to change awards where there has been no change in the physical condition of the claimant: *State ex. rel. Griffin v. State Industrial Accident Commission*, 145 Or. 443, 28 P.(2d) 237 \* \* \*."

But in *Hoffmeister* the court was concerned only with the physical status of the claimant. Here, we deal with a different situation, a misinterpretation of the law. In *Holmes v. State Ind. Acc. Com.*, 227 Or 562, 362 P2d 371, 363 P2d 563 (1961), the court amplified the *Hoffmeister* decision and said:

> "We believe that the purposes of the Workmen's Compensation Act will be better achieved by enabling the commission to act promptly even where its information may be incomplete—assured, however, that it can correct a possible mistaken award through later action. In our belief ORS 656.278 is intended to prevent the normal operation of the doctrine of res judicata. That does not mean that when the commission has entered an order it can capriciously terminate it. ORS 656.278 itself says that the modification, change or termination can only be made if the commission believes that 'such action is justified.' In other words, the commission,

if challenged, must support its modification, change or termination with reason * * *." 227 Or at 575-76.

■ ■ We interpret this language to mean that the Board can correct awards which it made on the assumption that the Court of Appeals' decision in *Trent* was correct. We do not agree with plaintiffs' statement in their brief that "* * * there was no mistake of fact in this case because when claimant's award was originally determined *Trent* was still the law." As we have previously indicated *Trent* did not change the law; it misconstrued it. If the law in question is to be changed it is obvious that it must be changed by the legislature. We conclude that no cause of suit or action is stated in the complaint and that the judgments appealed were properly granted.

Affirmed.