Argued June 21, remanded with instructions August 2, reconsideration
denied August 25, petition for review allowed September 21, 1976
See later volume of Oregon Reports

FIELDS, *Appellant,*
*v.*
WORKMEN'S COMPENSATION BOARD,
*Respondent.*
(No. 87808, CA 5540)
552 P2d 834

*C. H. Seagraves, Jr.,* Grants Pass, argued the cause
for appellant. With him on the brief were Myrick,
Coulter, Seagraves & Nealy, Grants Pass.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

This case, which turns on the construction of ORS 656.278(1), a workmen's compensation statute, has an involved procedural history. Claimant's request for compensation for a heart attack was rejected by the administrator, the referee and the Workmen's Compensation Board. He failed to perfect his appeal from the board to circuit court. On two different occasions 14 months and 22 months after the board's order, he asked the board to reconsider his claim on its own motion under ORS 656.278(1), which gives the board continuing jurisdiction to modify its former orders or awards on its own motion. The first time, the board said it was uncertain whether it had jurisdiction but said that it would not change its order if it did. The second time, the board determined that it did not have jurisdiction under ORS 656.278(1) to reconsider claims which had been denied and had become final. Claimant brought a declaratory judgment action in circuit court to challenge this interpretation of the "own motion" statute. On the basis of the record and oral argument, the court determined that the statute did not give claimant a right to a hearing, decided that it should not assume jurisdiction, and dismissed the proceeding with prejudice.

■ In his first assignment of error claimant contends that a declaratory judgment action is an appropriate way to challenge an administrative agency's interpretation of a jurisdictional statute. The state concedes the correctness of the procedure. *Union Pac. R. R. Co. v. Bean,* 167 Or 535, 119 P2d 575 (1941). We know of no other pending litigation nor of any public policy or other reason why a declaratory judgment should not be given in this case. *Nelson v. Knight,* 254 Or 370, 371-72, 460 P2d 355 (1969); *Campbell v. Henderson,* 241 Or 75, 79-80, 403 P2d 902 (1965). We conclude that the circuit court did have jurisdiction to issue a declaratory judgment. ORS 28.010, 28.120.

■ The primary issue here is whether the continuing

jurisdiction provided for in ORS 656.278(1) extends to claims which have been rejected, or whether it is limited to claims which were initially determined to be compensable. ORS 656.278 provides as follows:

"(1) The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital care. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."

The board based its determination on the phrase "continuing jurisdiction," reasoning that its power could continue only in a claim which it had determined to have arisen in the course of employment. A rejection of such a claim terminated the board's jurisdiction. Claimant contends that the legislature did not intend to so limit the board's jurisdiction.[1] The state concedes that the statute is ambiguous. An agency's interpretation of an ambiguous law which it administers is entitled to "careful consideration" by this court. *Gouge v. David,* 185 Or 437, 454, 202 P2d 489 (1949).

There is no recent legislative history to aid in construing ORS 656.278(1). The board was first granted continuing jurisdiction to change former findings or orders in 1917. General Laws of Oregon 1917, ch 288, § 13, p 559. In 1925 the statute was modified so that continuing jurisdiction was on the board's own motion

---

[1] Claimant recognizes that even if the board has jurisdiction in his case it has discretion to refuse to modify its decision. On appeal claimant makes no claim of fraud or mistake in this case.

only. General Laws of Oregon 1925, ch 133, § 5, p 200. Only the appeal provisions have been changed significantly since then. *See: Verban v. State Ind. Acc. Com.,* 168 Or 394, 401-04, 123 P2d 988 (1942). No significant changes have occurred since *Verban.*

The 1925 provision was codified as part of the statute relating to claims for aggravation of prior injuries. 3 Oregon Code Annotated, § 49-1836(c). In the current code ORS 656.278 follows directly after the aggravation claim statute, ORS 656.273. The location of the continuing jurisdiction statute in conjunction with the aggravation statute and the provision in ORS 656.278(2) that the board's actions will not be deemed to be pursuant to its own motion jurisdiction until after the end of the period (five years) during which workmen can file claims for aggravation indicate a legislative intent that the purpose of the board's own motion jurisdiction is to allow it to modify previous awards in cases that have been open for over five years. There is no indication that it is intended to allow the board to reopen claims that were rejected.

Our attention has been directed to no Oregon cases determining this particular question, nor have we found any. Cases considering ORS 656.278(1) on other questions, however, have assumed that the statute was designed to allow the board to modify former awards in cases in which compensation has been granted. *Holmes v. State Ind. Acc. Com.,* 227 Or 562, 362 P2d 371, 363 P2d 563 (1961); *Hoffmeister v. State I. A. Com.,* 176 Or 216, 223-24, 156 P2d 834 (1945); *Verban v. State Ind. Acc. Com., supra; Bowser v. Evans Products Co.,* 17 Or App 542, 546, n 2, 522 P2d 1405, *rev'd on other grounds* 270 Or 841, 530 P2d 44 (1974); *Powell v. Wilson,* 10 Or App 613, 617-19, 501 P2d 338 (1972).

ORS ch 656 provides that after an initial denial by the administrator, a claimant may have a hearing before a referee and three levels of de novo review of the referee's decision, with a possibility of discretion-

ary review by the Supreme Court. Claimant's construction of ORS 656.278(1) would allow an additional method of seeking review of a denied claim. We think it is unlikely that the legislature intended to extend the review process.

ORS 656.295(8) and 656.298(7) require that an appeal to the circuit court must be taken within 30 days of the mailing of the board's order and that workmen's compensation appeals be given precedence on the circuit court docket. Claimant's construction of ORS 656.278(1) would allow the possibility of review without time limit, contrary to the legislative provisions for expediting a final decision.

■ Oregon cases require that initial issues of compensability not be argued under the guise of aggravation claims. *Dodd v. Ind. Acc. Com.,* 211 Or 99, 107, 310 P2d 324, 311 P2d 458, 315 P2d 138 (1957); *Dinnocenzo v. SAIF,* 18 Or App 63, 69, 523 P2d 1280 (1974); *Bowser v. Evans Products Co., supra,* 17 Or App at 545. These cases reflect a policy of confining the issue of compensability to the initial proceedings provided by statute. The board's interpretation of its continuing jurisdiction is in accord with this policy.

■ We hold that the board is correct in its interpretation that ORS 656.278(1) allows it continuing jurisdiction only in cases which have been determined to be compensable.

Remanded for entry of judgment consistent with this opinion.

**SCHWAB, C. J.,** dissenting.

I find no basis in the statutes, the case law or the majority's analysis for concluding that the Workmen's Compensation Board lacks jurisdiction to ever reconsider, under its discretionary own-motion jurisdiction, a claim that was initially determined to be noncompensable. I would hold that such jurisdiction exists.

The controlling statute, ORS 656.278(1), provides:

> "The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, *change* or terminate former findings, *orders* or awards if in its opinion such action is justified." (Emphasis supplied.)

This creates the Board's own-motion jurisdiction as to "former findings, orders or awards."[1] The legislature could not have been more encyclopedic in referring to *all* prior determinations, including an order that a claim was not compensable. A subsequent contrary conclusion in an own-motion proceeding would, in the words of the statute, be a *change* of a *former* order.

Moreover, ORS 656.278(1) authorizes termination of former awards on the ground, inter alia, that they never should have been made in the first place. *See, Holmes v. State Ind. Acc. Com.,* 227 Or 562, 362 P2d 371, 363 P2d 563 (1961). If an award can be terminated because it never should have been made, why cannot an award be allowed on the ground that it never should have been denied?

As for the case law, *Holmes* is most on point. In that case one party argued ORS 656.278(1) "* * * goes no further than to authorize the [Workmen's Compensation Board] to change the rate of compensation * * *." 227 Or at 567. As I read *Holmes,* that argument was rejected. But as I understand it, the majority's holding today is exactly the same as this argument previously considered and rejected by the Supreme Court.

The Board's reasoning — that rejection of a claim terminates its jurisdiction — is unpersuasive. The Board's initial jurisdiction is to determine whether a claim is compensable. The Board's continuing jurisdiction would be the same.

The majority's reasoning is even more unpersua-

---

[1] *See generally, Barackman v. General Telephone,* 25 Or App 293, 299, 548 P2d 1341 (1976) (Schwab, C.J., concurring in part and dissenting in part).

sive. The majority places great weight on the "location of the continuing jurisdiction statute in conjunction with the aggravation statute," 26 Or App at 327, as they are published in the Oregon Revised Statutes as an indication of legislative intent. This approach to ascertaining legislative intent is both novel and wrong. The Oregon Revised Statutes are compiled and published by the Legislative Counsel, *see* ORS 173.150, who is authorized to "rearrange sections," ORS 173.160. Therefore, the possible juxtaposition or lack thereof of statutes as published in Oregon Revised Statutes should not be relied upon as an indication of legislative intent.

The majority reasons "it is unlikely that the legislature intended to extend the review process" since there are "legislative provisions for expediting a final decision." 26 Or App at 328. The flaw here is that ORS 656.278(1) *does* extend the review process and negates the absolute finality of decisions for claims determined to be compensable. I can find no indication the legislature intended to be inconsistent concerning claims determined to be not compensable.

An illustration will highlight my disagreement with the majority. If a claimant were initially determined to have *no* permanent disability, i.e., a "medicals only" or "time loss only" claimant, I think we all agree that ORS 656.278(1) creates jurisdiction for the Board to conclude, say ten years later, that a serious mistake had been made in the initial proceeding and that the claimant was, in fact, permanently and totally disabled. Suppose, instead, that the initial serious mistake was an erroneous conclusion that the claimant was not entitled to any form of compensation. The majority holds the Board lacks jurisdiction to grant relief under ORS 656.278(1). Unable to perceive a meaningful distinction between the two situations, I would hold the Board has jurisdiction under ORS 656.278(1).

For the foregoing reasons I respectfully dissent.