Argued November 3, reversed November 26, 1976

FIELDS, *Petitioner,*
*v.*
WORKMEN'S COMPENSATION BOARD,
*Respondent.*
(C/A No. 5540)
556 P2d 651

*C. H. Seagraves* of Myrick, Coulter, Seagraves &
Nealy, Grants Pass, argued the cause and filed briefs
for petitioner

*Kevin L. Mannix,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before Denecke, Chief Justice, and McAllister,
O'Connell, Holman, Howell, Bryson and Bohannon,
Justices.

PER CURIAM.

**PER CURIAM.**

Petitioner seeks a review of the decision of the Court of Appeals in *Fields v. Workmen's Compensation Board,* 26 Or App 323, 552 P2d 834 (1976).

Petitioner contends that the Court of Appeals erred in holding that the Workmen's Compensation Board had no jurisdiction under ORS 656.278(1) to reconsider a claim which was initially determined to be non-compensable and where the denial of compensation had become final.[1]

We agree with petitioner's contention for the reasons stated in the dissenting opinion of Chief Judge Schwab, which we incorporate into this opinion and adopt as the opinion of this court. In so holding we wish to make it clear that the Workmen's Compensation Board need not exercise its jurisdiction to reconsider a claim if it decides that for reasons underlying the doctrine of res judicata the claim should not be reconsidered.

Reversed.

---

[1] ORS 656.278(1) provides: "The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified."