Argued July 19, affirmed August 22, reconsideration denied September 8, petition for review denied November 22, 1977

# D & M PRODUCTS, INC., *Petitioner,*

*v.*

# WORKMEN'S COMPENSATION BOARD, *Respondent.*

## (CA 7799)

567 P2d 1066

William G. Purdy, Medford, argued the cause for petitioner. With him on the briefs was Frohnmayer & Deatherage, Medford.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs was Cliff Allison, General Counsel, Workers' Compensation Board, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Petitioner seeks review of an order of the Workers' Compensation Board denying it relief from the Second Injury Reserve fund.[1]

Petitioner's former employe suffered a compensable back injury which was aggravated by a congenital condition and by one or more prior injuries. Petitioner had no knowledge of the employe's preexisting disability at the time he was hired. On October 3, 1975, the Closing and Evaluation Division of the Board issued a determination order finding that petitioner

---

[1] ORS 656.622 provides:

"(1) The board shall establish a Second Injury Reserve within the Administrative Fund for the benefit of employers and their workmen and for the purpose of:

"(a) Giving employers and their workmen the benefits provided in subsection (2) of this section * * *

"* * * * *

"(2) The board may reimburse, to the extent reasonably justified by the facts, within such rules as are promulgated by the board, the additional amount an employer pays, in compensation or other amounts, with respect to any injury resulting in permanent disability or death where the injury is attributable wholly or partially to a preexisting disability of the employe or another employe of the same employer, or where the resultant disability or death is due wholly or partially to a preexisting disability. As used in this subsection, 'preexisting disability' means any permanent condition due to previous accident or disease or any congenital condition which is or is likely to be a substantial handicap in obtaining or regaining employment. The amount of the reimbursement shall be paid to the employer from the Second Injury Reserve.

"(3) The Second Injury Reserve shall be made up of and operated with moneys collected as provided in ORS 656.506. The board may also transfer from any surplus in the Administrative Fund to the Second Injury Reserve in any fiscal year an amount not exceeding the receipts of the reserve in that year from ORS 656.506.

"(4) Any reimbursement on claims of workmen or beneficiaries from the Second Injury Reserve shall be to the extent of the moneys available in the reserve for the purpose of the reserve.

"(5) The board may make such rules as may be required to establish, regulate, manage and disburse the reserve created in accordance with the intent of this section, including the nature and extent of preexisting or subsequent disabilities which qualify for reimbursement.

"(6) The board may set aside such other reserves within the Administrative Fund as are deemed necessary."

was entitled to second injury relief in connection with the employe's compensation claim. Thereafter, on November 26, 1975, the Closing and Evaluation Division reversed itself, set aside its initial order and denied petitioner second injury relief. The Division's reason for doing so was petitioner's ignorance of its employe's preexisting disability at the time of hiring. The hearings referee and the Board upheld the Division's second determination order and this petition followed.

Petitioner first argues that the initial determination order of the Closing and Evaluation Division became final and unappealable thirty days after its issuance and that, therefore, the Division's subsequent attempt to modify the order was a nullity. In support of this contention, petitioner cites WCB Admin. Order 3-1973, Rule XII(A) which requires that every determination order issued by the Division contain the following statement:

> "If you disagree with this order you have the right to obtain a hearing and judicial review in the manner provided for contested cases in accordance with the provisions of ORS Ch. 183. If, within 30 days from date of mailing of this order, you fail to file with the Board a request for hearing, the order as issued shall be a final order of the Board and not subject to review by a court or agency."

Petitioner contends that by virtue of this rule, the Closing and Evaluation Division is without authority to modify a determination order more than 30 days after its issuance.

By both statute and administrative rule, the Board is given broad, continuing jurisdiction to reexamine and modify prior orders. ORS 656.278(1) provides:

> "The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified."

Similarly, WCB Admin. Order 3-1973, Rule XIV provides:

[ 710 ]

"In adopting the rules herein the Workmen's Compensation Board reserves the right to reexamine any liability hereby created against the Second Injury Reserve and to modify or terminate liability created herein, where, in its opinion, such action is justified."

■ Pursuant to its continuing jurisdiction, the Board is authorized to reconsider claims which it initially determined were noncompensable, *Fields v. Workmen's Compensation Board,* 276 Or 805, 556 P2d 651 (1976), and to terminate former awards on the ground that they were erroneously made. *See, Holmes v. State Ind. Acc. Com.,* 227 Or 562, 362 P2d 371, 363 P2d 563 (1961). The 30-day appeal rule upon which petitioner relies only limits the parties' right to seek review of an unsatisfactory order. It does not limit the Board's continuing jurisdiction.

■ Although in this case both the initial determination order and its subsequent modification were issued by the Closing and Evaluation Division rather than by the Board itself, WCB Admin. Order 3-1973, Rule I(E) provides:

"For the purpose of administration of the Second Injury benefits, orders of the Compliance Division and the Closing and Evaluation Division of the Workmen's Compensation Board are deemed orders of the Board."

Thus, the Division's modification of its initial order has the same effect as would the Board's modification of its own prior order.

Petitioner also contends that the Board erred in denying second injury relief on the ground that petitioner did not know of its employe's preexisting disability at the time of hiring. WCB Admin. Order 3-1973, Rule IV(B)[2] requires that the employer have

_____
[2]WCB Admin. Order 3-1973, Rule IV(B) provides:

"The employer must have had knowledge of the preexisting disability at the time of hiring, rehiring or retention. Knowledge shall be implied to the employer if a hiring hall or similar source had knowledge of such disability at the time of hiring, rehiring or retention."

such knowledge in order to be eligible for second injury relief. However, petitioner contends that the Board cannot impose such a requirement by rule because the legislature has indicated a contrary intent.

■ It is questionable whether this contention is properly reviewable. As the Board points out in its supplemental brief:

> "A reviewing court usurps an administrative agency's function when it sets aside an administrative determination on a ground not previously presented to the agency, thereby depriving the agency of an opportunity to consider the matter. *Neeley v. Compensation Dept.,* 246 Or 522, 524-525, 426 P2d 460 (1967); *Marbet v. Portland General Electric,* 25 Or App 469, 477, 550 P2d 465 (1976) [277 Or 447, 561 P2d 154 (1977)]. * * *"

Because the Board has considered the matter by adopting a rule, because it is desirable to set the issue to rest, and in view of our disposition in support of the agency's action, we proceed to consider petitioner's contention.

In *Harry & David v. Work. Comp. Bd.,* 6 Or App 566, 488 P2d 829, *rev den* (1971), we upheld a rule imposing such a knowledge requirement. At that time ORS 656.638(2) provided, in pertinent part:

> "* * * As used in this subsection, 'preexisting disability' means any *known* permanent condition due to previous accident or disease or any congenital condition which is or is likely to be a substantial handicap in obtaining or regaining employment. * * *" (Emphasis supplied.)

Subsequent to our decision in *Harry & David,* the legislature deleted the word "known" from the definition of preexisting disability, Oregon Laws 1971, ch

---

Petitioner also contends that knowledge of the employe's disability should be imputed to it under this rule because a union with which the employe was affiliated and petitioner's carrier, the State Accident Insurance Fund, both had knowledge of the preexisting disability. This contention is clearly untenable since neither the union nor SAIF were involved in the employe's hiring.

768, § 3, and that word does not appear in the definition in its present form, ORS 656.622(2). Petitioner argues that this deletion clearly indicates that the legislature intended to preclude imposition of a prior knowledge requirement. We disagree. In *Harry & David* we noted that the word "known," as used in the statute, was ambiguous and we relied upon an analysis of legislative history and general legislative intent to discern its meaning. The legislature merely deleted the ambiguity. None of the legislative history evidences an intent to change the law.

■ ■ In administering the Second Injury Reserve fund, the Board operates under a broad statutory delegation which confers upon it maximum discretion to accomplish the legislative purpose. ORS 656.622(2) and (5); *see, Crouse v. Workmen's Comp. Bd.,* 26 Or App 849, 554 P2d 568 *rev den* (1976). One purpose of the second injury relief program is to encourage employers to hire disabled workers. A requirement that the employer know of the worker's disability is reasonably in furtherance of that purpose and therefore the Board's rule is valid. *Crouse v. Workmen's Comp. Bd.,* supra.

Affirmed.