Argued July 19, appeal dismissed September 18, reconsideration denied October 24, petition for review denied November 21, 1978

MORTON, *Respondent,*

*v.*

NORTHWEST FOUNDRY AND FURNACE,
*Petitioner.*

(No. WCB H-20741, CA 10378)

584 P2d 346

Frank V. Langfitt, III, Portland, argued the cause and filed the brief for petitioner.

Gerald M. Chase, Portland, argued the cause for the respondent. With him on the brief was Lindstedt & Buono, Portland.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

JOHNSON, P. J.

## JOHNSON, P. J.

The employer appealed a decision of the Workers' Compensation Board (Board) under its "own motion" practice refusing to modify a previous award of permanent total disability entered on October 7, 1975.

ORS 656.278 in pertinent part provides:

"(1) The power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

\* \* \* \* \*

"(3) The claimant has no right to a *hearing, review or appeal* on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital care. The employer may request *a hearing* on an order which increases the award or grants additional medical or hospital care to the claimant." (Emphasis supplied.)[1]

The legislature intended to vest the Board with a degree of discretion in modifying compensation awards. The parties are not entitled as a matter of right to modification. Under the statute a previous order can only be modified on the Board's own motion. A claimant is entitled to a "hearing, review or appeal" only if the previous award is terminated or diminished. Likewise, the employer is only entitled to a

---

[1] ORS 656.278(2) provides:

"An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion."

Since an aggravation claim may be filed within five years after the date of injury, it is arguable under a literal construction of this provision that the Board has no power to invoke its own motion practice under ORS 656.278(1) since the original injury occurred on September 23, 1974. A more plausible construction is that ORS 656.278(2) is only intended to prevent reopening of claims under the "own motion" practice on behalf of the claimant where the remedy of an aggravation claim under ORS 656.273 is otherwise available. In any event we do not reach the question here, but decide this case solely on the issue of whether either party is entitled to appeal a decision by the Board refusing to modify an award under ORS 656.278(1). Likewise, we do not decide in this case whether the award could be redetermined under ORS 656.325.

"hearing" if the previous award is increased. Although the last sentence of ORS 656.278(3) addresses only when an employer may ask for a hearing, we construe that language to permit an appeal if the original award is increased. *See Barackman v. General Telephone,* 25 Or App 293, 548 P2d 1341 (1976). However, here the Board neither increased nor decreased the previous award and thus its order is not subject to appeal.

Appeal dismissed.