REED, *Petitioner,*
*v.*
DEL CHEMICAL CORPORATION, *Respondent.*
(WCB No. 78-2930, CA 11965)
595 P2d 1291

John M. Reed, Eugene, filed the brief pro se for petitioner.

Richard W. Butler and Thwing, Atherly & Butler, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from an order of the Workers' Compensation Board affirming an order of the referee dismissing petitioner's request for a hearing.

The petition for a hearing was based on "Insurer's refusal to pay time-loss/total disability and penalties (ORS 656.262(8)) for their unreasonable delays, refusals to accept or pay said compensation due claimant." Employer contends that these same issues were finally determined in *Reed v. Del Chemical*, 26 Or App 733, 554 P2d 586 (1976), and that petitioner cannot now relitigate them. Petitioner argues that case law since *Reed* on the question of "unreasonably refusing medical procedures" and new medical information on the risk involved in surgical procedures are sufficient to warrant the reopening of his case and to justify the granting of a hearing. We affirm the order of the Board.

Petitioner relies on ORS 656.283 or, in the alternative, on ORS 656.278 to support his contention that he should be granted a hearing by the Workers' Compensation Board. Neither of these statutes is of assistance to petitioner.

ORS 656.283 states in relevant part:

"(1) *Subject to ORS 656.319*, any party or the board may at any time request a hearing on any question concerning a claim." (Emphasis supplied.)

ORS 656.319 sets forth the time provisions within which a hearing may be requested.[1] It clearly is intended to guarantee that the initial litigation of a claim is timely filed and does not provide for the refiling of a claim once fully litigated.

Petitioner apparently would have us omit "[s]ubject to ORS 656.319" when reading ORS 656.283. That is not possible, but, for the sake of answering petitioner's argument, we would even then be compelled to the same conclusion that ORS 656.283 is intended only to

---

[1] This is not a claim for aggravation. ORS 656.273.

apply to the manner in which litigation of a claim is *begun* and not to relitigation.

ORS 656.005(7) states:

" 'Claim' means a written request for compensation from a subject worker or someone on the worker's behalf, or any compensable injury of which a subject employer has notice or knowledge."

■ We conclude from this definition that petitioner no longer has "a claim" under ORS 656.283. Petitioner long ago acted under the first provision by making a request for compensation and did, in fact, receive compensation.[2] *Reed v. Del Chemical, supra.*

To determine whether petitioner still has "a claim" as defined by the second provision of ORS 656.007 we turn to other definitions. ORS 656.005(8) states:

"(8)(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means.

"(b) A 'disabling compensable injury' is an injury which entitles the worker to compensation for disability or death.

"(c) A 'nondisabling compensable injury' is any injury which requires medical services only."

---

[2] ORS 656.319 provides:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial.

"(2) With respect to objections to a determination under subsection (3) of ORS 656.268, a hearing on such objections shall not be granted unless a request for hearing is filed within one year after the copies of the determination were mailed to the parties."

[602]

It is accepted that petitioner had a "disabling compensable injury" because he has been compensated; he does not, however, allege a "compensable injury," *i.e.,* an injury that has not yet been determined to be either "disabling" or "nondisabling." We, therefore, conclude that petitioner has no "claim" under ORS 656.283.

Petitioner relies alternatively on ORS 656.278. That statute "grants the Board continuing jurisdiction to modify, on its own motion, former findings, orders or awards. If error was made, or if for some reason the [petitioner] deserves additional compensation * * * the Board has the authority to modify its earlier decision. * * *" *Bowser v. Evans Products Co.,* 17 Or App 542, 546 n. 2, 522 P2d 1405, *reversed and remanded on other grounds* 270 Or 841, 530 P2d 44 (1974). "Under the statute a previous order can only be modified on the Board's own motion." *Morton v. N.W. Foundry,* 36 Or App 259, 261, 584 P2d 346, *rev den* (1978).

It appears from the record that the Board did consider this case under its "own motion" authority and referred it to the referee. The referee's order of dismissal states:

"* * * * *

"* * * [A]ll of the issues presented in claimant's letters of May 12, May 30 and June 7, 1978 have been decided against claimant by decisions of higher appellate bodies than the Hearings Division which are final by operation of law. This forum, the Hearings Division of the Workers' Compensation Board, does not have the authority or the jurisdiction to overturn the decisions of higher appellate forums or grant relief to a party which the law of this case has said he is not entitled to receive. When it clearly appears at the very beginning of the record that the trial forum has no authority to act, it is my opinion that the trial forum may, on its own volition, dismiss the proceeding * * *.

"* * * * *"

The Board affirmed the order of dismissal.

[603]

In *Fields v. Workmen's Comp. Board,* 276 Or 805, 556 P2d 651 (1976), the Supreme Court said "* * * we wish to make it clear that the Workmen's Compensation Board need not exercise its jurisdiction to reconsider a claim if it decides that for reasons underlying the doctrine of res judicata the claim should not be reconsidered." 276 Or at 807. The Board having no obligation to reconsider the claim, acted within its authority in dismissing the request for a hearing.

Affirmed.