Argued June 1, affirmed June 25, reconsideration
denied August 14, petition for review denied
October 9, 1979

CHRISTIANI, *Petitioner*

v.

STATE ACCIDENT INSURANCE FUND,
*Respondent*

(No. 77-4165, CA 12887)

596 P2d 621

C. H. Seagraves, Jr. Grants Pass, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were Keith R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Lee, Presiding Judge, and Gillette and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

The worker appeals from an order made pursuant to the Workers' Compensation Board's "Own Motion" jurisdiction, ORS 656.278.[1]

Claimant had moved the Workers' Compensation Board for an "Own Motion" order reopening his workers' compensation claim on grounds of aggravation. The period in which an aggravation award could have been made without exercise of the Board's "Own Motion" jurisdiction had passed. The Board issued its order remanding the claim to the State Accident Insurance Fund for the payment of compensation. The fund requested a determination of the claim. The Board thereafter issued its "Own Motion" determination order terminating the claimant's temporary total disability compensation and making no award of permanent partial disability.

The Board's "Own Motion" determination order carried an appeal notice which specified that the order gave the claimant no right to a hearing, review or appeal but granted to the fund the right to request a hearing. Claimant, nonetheless, requested a hearing on all issues of compensation. This request was later dismissed by the referee except as to the issue of further medical care and treatment. At hearing, the

---

[1] ORS 656.278 provides:

"(1) The power and jurisdiction of the board shall be continuing, and it may, upon it own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital case. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."

[829]

only issue to which the claimant wished to address evidence was the question of the extent of disability. The referee refused to receive evidence on this issue and thereafter dismissed the matter. The Board affirmed the referee, and this appeal followed.

Of crucial importance in this case are the provisions of ORS 656.278(3):

> "The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, *except when the order diminishes or terminates a former award* or terminates medical or hospital care. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."(Emphasis added).

At issue is the meaning of the word "former." Claimant maintains the word "former" refers to any prior award which is terminated by a determination order. This would include the very award made pursuant to the Board's exercise of its "Own Motion" jurisdiction in the first place. The Fund, on the other hand, takes the position that the word "former" refers to awards which had been made in prior or different proceedings, not that made under the present "Own Motion" jurisdiction.

We find no ambiguity in the statute, and agree with the Fund. The effect of adopting claimant's position would be to create the entire panoply of appeal rights for any individual who is once able to obtain "Own Motion" assistance from the Board. If such general rights of appeal were to follow from every exercise of "Own Motion" jurisdiction, the other language of subsection (3) to the effect that the claimant "has no right to a hearing, review or appeal" would be reduced to a nullity. *See, generally, Coombs v. SAIF,* 39 Or App 293, 592 P2d 242 (1979).

Affirmed.