Argued and submitted October 14, 1985, petition for judicial review dismissed
July 23, 1986

In the Matter of the Compensation of
Dick H. Wright, Claimant.

## INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

## WRIGHT et al,
*Respondents.*

(WCB 83-11167 and WCB 83-11533; CA A34605)

722 P2d 57

Brian L. Pocock, Eugene, argued the cause and filed the brief for petitioner.

David C. Force, Eugene, argued the cause and filed the brief for respondent Dick H. Wright.

Craig A. Staples, Portland, argued the cause for respondents EBI Companies and Oregon Temporary Services. With him on the brief was Roberts, Reinisch & Klor, Portland.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore

## GILLETTE, P. J., Pro Tempore

International Paper seeks judicial review of four Workers' Compensation Board orders holding it responsible for claimant's disability. We dismiss the petition.

In October, 1977, claimant suffered a compensable knee injury while employed by International. He was awarded time loss and permanent disability of 25 percent for his right leg. The claim was closed in 1981. Claimant continued to work for International until he was laid off in 1982. He was subsequently employed by Oregon Temporary Services (OTS). After three months, however, he left his job with OTS because of pain and inflammation in his knee.

Both International and OTS denied responsibility for the disability. International asserted that claimant's aggravation rights for his 1977 knee injury had expired, ORS 656.273(4)(a), and that, in any event, his current problems were the result of a new injury suffered during his employment with OTS. OTS maintained that claimant's condition is an aggravation of the 1977 injury, for which International is responsible. Claimant sought a hearing on the denials. In the meantime, claimant also petitioned the Board to exercise its own motion jurisdiction and reopen his 1977 claim as an aggravation. The Board referred the petition to the referee with instructions to make a recommendation with respect to the Board taking own motion jurisdiction. In particular, the referee was to determine whether claimant's knee condition had worsened and whether the condition was related to the 1977 injury.

On June 1, 1984, the referee issued an order sustaining OTS's denial of responsibility and finding that the knee condition was related to the 1977 injury at International. In the same order, the referee recommended that the Board exercise its own motion jurisdiction and reopen the claim against International as an aggravation. International requested Board review and, on November 30, 1984, the Board issued an order on review affirming the referee's finding regarding the relationship between the knee condition and claimant's employment at International. On the same day, it issued an own motion order, ordering International to reopen the claim as an aggravation.

On December 17, 1984, International moved that the Board stay and reconsider both of the November 30 orders. The Board issued an order on reconsideration on December 27, 1984, which adhered to and republished the order on review, but made no mention of the own motion order. On January 18, 1985, International filed a petition for judicial review of all three Board orders. Claimant and OTS moved to dismiss the petition as untimely and for the additional reason that the November 30 own motion order is not reviewable. International then sought clarification of the Board's action from the Board. The Board issued another order on reconsideration on February 5, 1985, declining to reconsider the November 30 own motion order. International filed an amended petition for judicial review to include that order.

■ ■ We conclude that we cannot review any of the Board's orders. Assuming that both November 30 orders were subject to review within 30 days, ORS 656.295(8), any petition for judicial review should have been filed by December 31, 1984. The first petition was not filed until January 18, 1985. The Board's December 27, 1984, order merely adhered to and republished the November 30 order on review; it did not "stay" the order on review or extend the time for seeking review. *See Fischer v. SAIF*, 76 Or App 656, 659, 711 P2d 162 (1985). The February 5, 1985, order did not increase the award of compensation over the "award" made on November 30 and is not separately reviewable.[1] ORS 656.278(3).

Petition for judicial review dismissed.

---

[1] We need not decide whether the November 30 own motion order did, in fact, "increase the award" of compensation within the meaning of ORS 656.278(3), so as to be subject to judicial review. *Cf. Shoulders v. SAIF*, 300 Or 606, 716 P2d 751 (1986) (when a claim is determined to be compensable, compensation is considered to have been awarded for the purpose of ORS 656.382(2)).