Argued and submitted February 13, judicial review dismissed May 13, 1992

In the Matter of the Compensation of
Dannie W. Crawley, Claimant.
**SAIF CORPORATION,**
*Petitioner,*

*v.*

Dannie W. CRAWLEY,
*Respondent.*

(WCB 91-0127M; CA A69288)

831 P2d 75

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

State Accident Insurance Fund (SAIF) seeks review of a Workers' Compensation Board order denying its request to reopen claimant's claim. We dismiss the petition for judicial review.

After claimant's aggravation rights expired, SAIF voluntarily paid claimant temporary total disability benefits from February, 1987, through May, 1990. It then asked the Board to reopen the claim to determine whether the compensation that it had voluntarily paid was payable under the Board's own motion jurisdiction. ORS 656.278.[1] The purpose of that request was to obtain an order issued pursuant to ORS 656.278 that would entitle SAIF to seek reimbursement from the Reopened Claims Reserve. ORS 656.625; OAR 436-45-010. The Board issued an order denying SAIF's request to reopen and for authorization for reimbursement.

ORS 656.278(3)[2] provides that an employer may seek review of an own motion order that increases the claimant's award of compensation. *International Paper Co. v. Wright*, 80 Or App 444, 447, 722 P2d 57 (1986). Because the Board's denial of SAIF's request neither increased nor decreased claimant's award, we cannot review SAIF's petition.

Judicial review dismissed.

---

[1] SAIF characterizes the Board's order as an "Order on Reconsideration Denying Reimbursement." Because it is apparent that SAIF was seeking an order under ORS 656.278, we reject that characterization.

[2] ORS 656.278(3) provides:

"The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award."