Argued and submitted March 14, judicial review dismissed May 18, 2005

In the Matter of the Compensation of
Sherlee Samel, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Vacation Villages of America, Inc.,
*Petitioners,*

*v.*

Sherlee SAMEL,
*Respondent.*

03-0038M; A122488

112 P3d 414

David O. Wilson argued the cause and filed the briefs for petitioners.

James W. Moller argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

LANDAU, P. J.

---

## LANDAU, P. J.

Employer petitions for judicial review of an "own motion" order of the Workers' Compensation Board (board) on reconsideration holding that claimant is entitled to an insurer-paid attorney fee under ORS 656.386(1),[1] which provides for such an award in cases "involving denied claims" in which the claimant prevails "in a review" by the board. Employer takes the position that, in this own motion case, the board lacks authority to make the award because there was no "denied claim" or, for that matter, "review" by the board. Claimant moves to dismiss the petition on the ground that the board's order is not subject to judicial review. We agree with claimant and dismiss the petition.

The relevant facts are not in dispute. Claimant's original injury was in 1991, and her aggravation rights expired in 1996. Claimant's new medical condition claim was subject to the board's own motion jurisdiction. ORS 656.278(1)(b) (2001); Or Laws 2001, ch 865, § 10(3). On February 4, 2003, on employer's recommendation, the board reopened claimant's 1991 claim for processing of the new medical condition claim and awarded claimant an out-of-compensation attorney fee in the amount of 25 percent of any temporary disability benefits, not to exceed $1,500. Claimant requested reconsideration, contending that her counsel was instrumental in prevailing over a "denied claim" and sought assessed attorney fees under ORS 656.386(1). In a separate order, the board awarded the assessed fee.

Employer challenges the board's authority to award insurer-paid attorney fees in cases considered under its own motion jurisdiction. Claimant moves to dismiss, arguing that, under ORS 656.278(4), employer may not seek judicial review of the board's order.

---

[1] The legislature amended the statute in 2001, Or Laws 2001, ch 865, § 22(1), but those amendments apply only to injuries occurring after January 1, 2002. Because claimant's compensable injury occurred before the effective date of the amendments, we refer to the earlier version of the statute, ORS 656.386(1) (1999).

■　　ORS 656.278(4) provides:

"The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. *The employer may appeal from an order which increases the award.*"

(Emphasis added.) Claimant contends that the second sentence of ORS 656.278(4) implicitly limits an employer's right to seek judicial review of an own motion order of the board to those cases in which the board increases the former award. We agree.

　　The provisions for judicial review of own motion orders became a part of ORS 656.278 in 1965. Or Laws 1965, ch 285, § 33. Before that time, orders entered under own motion authority were not subject to judicial review at all. *See Coombs v. SAIF*, 39 Or App 293, 592 P2d 242 (1979). We have long construed ORS 656.278(4) to state the exclusive bases for seeking review of own motion orders. *Christiani v. SAIF*, 40 Or App 827, 830, 596 P2d 621, *rev den*, 287 Or 507 (1979) (construing statute then numbered ORS 656.278(3)); *Morton v. N.W. Foundry*, 36 Or App 259, 262, 584 P2d 346, *rev den*, 284 Or 341 (1978) (order that neither increases nor decreases previous award not subject to review). That is, we have interpreted the statute to mean that an employer is entitled to petition for review of an own motion order only if the order increases the claimant's compensation award. In *SAIF v. Wheeler*, 110 Or App 453, 455-56, 823 P2d 434, *rev den*, 313 Or 300 (1992), for example, we said:

"The statute allows an employer to file a petition for review only when the Board increases the award. It draws no distinction between cases that the Board decides on the merits and those that are resolved on some other basis."

*See also SAIF v. Crawley,* 113 Or App 152, 831 P2d 75 (1992) (own motion order denying SAIF's request to reopen claim not subject to judicial review); *International Paper Co. v. Wright*, 80 Or App 444, 447, 722 P2d 57 (1986) (own motion order declining to reconsider own motion order determining that aggravation was compensable not subject to review).

■　　The board's award of attorney fees is not an increase in compensation. *Dotson v. Bohemia, Inc.*, 80 Or App 233,

236, 720 P2d 1345, *rev den*, 302 Or 35 (1986); *see also Farmers Ins. Group v. SAIF*, 301 Or 612, 619, 724 P2d 799 (1986). Accordingly, claimant is correct that employer may not seek review of the board's order.

Employer contends that, in light of the 2001 amendments to ORS 656.278 giving the board responsibility for deciding the compensability of post-aggravation new and omitted condition claims, Or Laws 2001, ch 865, § 11, ORS 656.278(4) is "an obsolete limitation * * * erroneously left in place by a careless legislature." Whether or not that is so, we are in no position to redraft the statute. *See Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 553, 915 P2d 1053, *rev den*, 324 Or 305 (1996) ("[W]e are constrained by the reasonable construction of the language that the legislature actually enacted[.]").

Judicial review dismissed.